FELIPE SÁNCHEZ OSORIO, Plaintiff and Appellant-Appellee, *v.* SOFIA DE VIZCARRONDO MONGRAND ET AL., Defendants and Appellants-Appellees.

No. 5138.   Argued December 2, 1929.—Decided December 10, 1929.

*Feliú & La Costa,* for defendants and appellants-appellees.   *A. Marín Marién,* for plaintiff and appellant-appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The trial of the present case lasted several days. Part of the evidence was taken down by one stenographer and the

rest by another. Both parties appealed from the judgment rendered and chose the method of a transcript of the evidence for perfecting their respective appeals with the consent of the lower court. Thereafter the plaintiff was granted several extensions of time for preparing the transcript. One of the stenographers filed the transcript of the notes taken by him, but the other has failed to do so because he lost the note-books containing part of plaintiff's evidence.

At this stage of the case, the defendants moved to dismiss plaintiff's appeal because one of the said extensions of time had been granted to him after the last extension had expired. Thereupon the plaintiff moved to dismiss both appeals because of the impossibility of getting a full transcript of the whole evidence, without prejudice to the rights which either party may have in connection with the present case, to be exercised by them in the court below; or without prejudice to further proceedings in the court below, as the plaintiff states in his motion. The defendants have opposed this motion on the ground that they can prosecute their appeal relying exclusively on the judgment roll, and that the question as to whether or not the transcript of the evidence filed by the plaintiff for the purpose of his appeal is sufficient, must be determined by the lower court on the day set for the approval of the transcript.

One of the 30-day extensions granted to the plaintiff for the preparation of the transcript of the evidence was obtained on July 20, 1929. It expired, therefore, on August 20th. But as the following extension was applied for and granted on August 26th, it must be evident that at that time the preceding extension had already expired and, consequently, that the extension allowed on the 26th was granted without jurisdiction by the trial court. For this reason and because of plaintiff's failure to file the record of appeal in this court within thirty days from May 31, 1929, when he took the appeal, the same must be dismissed.

As regards the plaintiff's motion for dismissal of both appeals based on the ground above stated and without prejudice to further proceedings in the court below, the motion is denied as to his appeal, because the dismissal thereof lies on another ground. Nor can said motion prosper as regards the defendants, because the latter may prosecute their appeal without the transcript of the evidence.

From the foregoing reasons, plaintiff's appeal must be dismissed and the motion for dismissal of defendants' appeal must be denied.